IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IRENE RODRIGUEZ, individually** § | | |
| **and as parent and legal guardian of** § | | |
| **A.R. and B.R.,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 3:20-cv-00045-D** | |
| § | | |
| **SOUTHERN HEALTH PARTNERS, INC.** § | | |
| **d/b/a SHP VISTA HEALTH** § | | |
| **MANAGEMENT, INC.;** § | | |
| **NAVARRO COUNTY; LINDA** § | | |
| **HULLETT, and DR. GRADY SHAW;** § | | |
| § | | |
| *Defendants.* § | | |

**DEFENDANT SOUTHERN HEALTH PARTNERS, INC.'S ANSWER,
<u>SUBJECT TO MOTION TO DISMISS</u>**

**TO THE HONORABLE JUDGE:**

Southern Health Partners, Inc. (incorrectly named "Southern Health Partners, Inc. d/b/a SHP Vista Health Management, Inc."), Defendant, hereby files this Answer to Plaintiff's Complaint, made subject to and without waiving Defendants' motion to dismiss.

**I.
ANSWER TO PLAINTIFF'S COMPLAINT**

1.  Southern Health Partners, Inc., lacks personal knowledge or information regarding Plaintiff's allegations in this lawsuit beyond the face of her Original Complaint, and therefore, denies the same. Southern Health Partners, Inc., further denies the vague facts set forth in Paragraph 1 of Plaintiff's Complaint provide sufficient notice of the allegations, injuries and/or damages pled, provide sufficient notice of the specific Defendant against whom each allegation is pled, or give rise to a cause of action against this Defendant. Southern Health

Page 1

Partners, Inc., admits this lawsuit is purportedly brought pursuant to 42 U.S.C. Section 1983, but denies Plaintiff's allegations relating to Section 1983. Southern Health Partners, Inc., denies any liability for the claims alleged by Plaintiff. Southern Health Partners, Inc., denies Plaintiff is entitled to the relief sought.  Southern Health Partners, Inc., denies all remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.	Southern Health Partners, Inc., lacks knowledge or information sufficient to form a belief about Plaintiff's incarceration at the Navarro County Jail, her detainee status, or any "maladies" of Plaintiff's twins, and therefore, denies same. Southern Health Partners, Inc. admits Plaintiff was evaluated by Dr. Shaw, but denies the dates alleged in Plaintiff's Complaint and denies Plaintiff's description of the evaluation. Southern Health Partners, Inc. denies all remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3.	Southern Health Partners, Inc. denies all allegations in Paragraph 3 of Plaintiff's Complaint.

4.	Southern Health Partners, Inc., lacks knowledge or information sufficient to form a belief about the allegations of Plaintiff's residency in Paragraph 4 of Plaintiff's Complaint, and therefore, denies same.

5.	Southern Health Partners, Inc. admits it is incorporated in Delaware. Southern Health Partners, Inc. admits it has a principal office in Chattanooga, Tennessee. Southern Health Partners, Inc. admits it may be served, if properly served, through its registered agent for service, which at the time of service in this case in Texas was CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Southern Health Partners, Inc. denies any remaining allegations as set forth in Paragraph 5 of Plaintiff's Complaint.

6. Southern Health Partners, Inc., lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as to Navarro County in Paragraph 6 of Plaintiff's Complaint, and therefore denies same.

7. Southern Health Partners, Inc. admits Linda Hullett was an employee in December 2017 and January 2018. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief as to Plaintiff's remaining allegations as to Linda Hullett in Paragraph 7 of Plaintiff's Complaint, and therefore denies same, in the event any response is required from this Defendant.

8. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations as to Dr. Grady Shaw in Paragraph 8 of Plaintiff's Complaint, and therefore denies same, in the event any response is required from this Defendant.

**ALLEGED JURISDICTION AND VENUE**

9. Southern Health Partners, Inc. admits the Court's jurisdiction could be predicated upon 28 U.S.C. Sections 1331 or 1343 for claims under 42 USC Section 1983, but denies federal jurisdiction over Plaintiff's state law claims and any claims for which immunity or qualified immunity applies. Southern Health Partners, Inc. further denies Plaintiff exhausted her administrative remedies with regard to the allegations pled, or otherwise satisfied all procedural prerequisites prior to filing suit such as to support jurisdiction here. Southern Health Partners, Inc. denies all remaining allegations as set forth in Paragraph 9 of Plaintiff's Complaint.

10. Southern Health Partners, Inc. denies all allegations as set forth in Paragraph 10 of Plaintiff's Complaint.

11. Southern Health Partners, Inc. admits that, for any claims over which the federal court retains jurisdiction, venue is proper for those claims in the Northern District of Texas.

Southern Health Partners, Inc. denies any remaining allegations in Paragraph 11 of Plaintiff's Complaint.

**ALLEGED FACTS**

12. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 12 of Plaintiff's Complaint, and therefore denies same.

13. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 13 of Plaintiff's Complaint, and therefore denies same.

14. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 14 of Plaintiff's Complaint.

15. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 15 of Plaintiff's Complaint.

16. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 16 of Plaintiff's Complaint, and therefore denies same.

17. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 17 of Plaintiff's Complaint.

18. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations whether the appointment had been previously scheduled by Plaintiff as set forth in Paragraph 18 of Plaintiff's Complaint, and therefore denies same. Southern Health Partners, Inc., otherwise denies all remaining allegations as set forth in Paragraph 18 of Plaintiff's Complaint.

19. Southern Health Partners, Inc. denies Plaintiff provided Southern Health Partners with written notice she was requesting to go to the hospital. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's remaining allegations as set forth in Paragraph 19 of Plaintiff's Complaint, and therefore denies same.

20. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 20 of Plaintiff's Complaint.

21. Southern Health Partners, Inc. denies Plaintiff provided Southern Health Partners with written notice concerning her pregnancy. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's remaining allegations as set forth in Paragraph 21 of Plaintiff's Complaint, and therefore denies same.

22. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 22 of Plaintiff's Complaint.

23. Southern Health Partners, Inc. admits Plaintiff Irene Rodriguez was evaluated by Dr. Shaw, but denies the dates alleged in Plaintiff's Complaint and denies Plaintiff's description of the evaluation. Southern Health Partners, Inc., also denies Plaintiff's allegation she was about to give birth prematurely at that time. Southern Health Partners, Inc. denies all remaining allegations as set forth in Paragraph 23 of Plaintiff's Complaint.

24. Southern Health Partners, Inc. admits Plaintiff Irene Rodriguez was seen by Nurse Hullett on multiple days in the jail. However, Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 24 of Plaintiff's Complaint.

25. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 25 of Plaintiff's Complaint.

26. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 26 of Plaintiff's Complaint, and therefore denies same.

27. Southern Health Partners, Inc. admits Nurse Hullett was contacted by telephone by someone at the jail on or about January 9, 2018. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's remaining allegations as set forth in Paragraph 27 of Plaintiff's Complaint, and therefore denies same.

28. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 28 of Plaintiff's Complaint, and therefore denies same.

29. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 29 of Plaintiff's Complaint.

30. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 30 of Plaintiff's Complaint, and therefore denies same.

31. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 31 of Plaintiff's Complaint, and therefore denies same.

32. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 32 of Plaintiff's Complaint, and therefore denies same.

33. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 33 of Plaintiff's Complaint, and therefore denies same.

34. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 34 of Plaintiff's Complaint, and therefore denies same.

35. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 35 of Plaintiff's Complaint.

36. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 36 of Plaintiff's Complaint.

37. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 37 of Plaintiff's Complaint.

38. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 38 of Plaintiff's Complaint.

39. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 39 of Plaintiff's Complaint.

40. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 40 of Plaintiff's Complaint.

41. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 41 of Plaintiff's Complaint.

### ALLEGED CAUSES OF ACTION UNDER 42 U.S.C. § 1983

42. Southern Health Partners, Inc. incorporates and references all preceding responses and denials as set forth above.

43. Southern Health Partners, Inc. denies the allegations as to Southern Health Partners as set forth in Paragraph 43 of Plaintiff's Complaint. As to the allegations against Navarro County, no responses is necessary from this Defendant, but in the event a response is needed, Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 43 of Plaintiff's Complaint, and therefore denies same. Southern Health Partners, Inc. reserves the right to amend this answer in the event Plaintiff's allegations "material to this Complaint" as against each Defendant are made clear.

44. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 44 of Plaintiff's Complaint.

45. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 45 of Plaintiff's Complaint.

46. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 46 of Plaintiff's Complaint.

47. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 47 of Plaintiff's Complaint.

48. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 48 of Plaintiff's Complaint.

49. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 49 of Plaintiff's Complaint.

50. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 50 of Plaintiff's Complaint.

51. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 51 of Plaintiff's Complaint.

52. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 52 of Plaintiff's Complaint.

53. With regard to Plaintiff's Paragraph 53, Southern Health Partners, Inc. incorporates and references all preceding responses and denials as set forth above.

54. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 54 of Plaintiff's Complaint. Southern Health Partners, Inc. reserves the right to amend this answer in the event Plaintiff's allegations "material to this Complaint" as against each Defendant are made clear.

55. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 55 of Plaintiff's Complaint.

56. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 56 of Plaintiff's Complaint.

57. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 57 of Plaintiff's Complaint.

58. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 58 of Plaintiff's Complaint.

### ALLEGED NEGLIGENCE

59. With regard to Plaintiff's Paragraph 59, Southern Health Partners, Inc. incorporates and references all preceding responses and denials as set forth above.

60. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 60 of Plaintiff's Complaint.

61. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 61 of Plaintiff's Complaint. Southern Health Partners, Inc. further denies Plaintiff has sufficiently

alleged which employees, agents, officers, directors, supervisors and representatives are implicated in Plaintiff's Complaint.

62. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 62 of Plaintiff's Complaint, including but not limited to subsections (a) through (h).

63. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 63 of Plaintiff's Complaint.

64. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 64 of Plaintiff's Complaint.

65. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 65 of Plaintiff's Complaint.

66. Southern Health Partners, Inc. admits Linda Hullett was an employee of Southern Health Partners in December 2017 and January 2018. However, Plaintiff has failed to sufficiently identify what acts or omissions are alleged against Linda Hullett to ascertain the scope of her authority as an agent, servant, or employee at any particular time, therefore Southern Health Partners, Inc. denies the remaining allegations as set forth in Paragraph 66 of Plaintiff's Complaint.

67. Southern Health Partners, Inc. denies Linda Hullett was negligent. However, Plaintiff has failed to sufficient identify what acts or omissions are alleged against Linda Hullett to ascertain the scope of her authority as an agent, servant, or employee at any particular time, therefore Southern Health Partners, Inc. denies the remaining allegations as set forth in Paragraph 67 of Plaintiff's Complaint.

68. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 68 of Plaintiff's Complaint, and therefore denies same.

69. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 69 of Plaintiff's Complaint.

70. Southern Health Partners, Inc. denies the allegations as set forth in Paragraph 70 of Plaintiff's Complaint.

71. Southern Health Partners, Inc. lacks knowledge or information sufficient to form a belief about Plaintiff's allegations as set forth in Paragraph 71 of Plaintiff's Complaint, and therefore denies same.

72. [inaccurately renumbered 53 in Plaintiff's Complaint] As to Plaintiff's second Paragraph "53" under the Damages section of Plaintiff's Complaint, Southern Health Partners, Inc. denies the allegations. Southern Health Partners, Inc. further denies Plaintiff has sufficiently pled her alleged injuries or damages, or how any act or omission by Southern Health Partners, Inc. or any other Defendant caused such damages. Southern Health Partners, Inc. denies Plaintiff is entitled to the relief requested in her Complaint, including but not limited to subsections (a) through (n). Southern Health Partners, Inc. denies all remaining allegations as set forth in the Damages and Prayer sections of Plaintiff's Complaint.

## II.
### DEFENDANT'S AFFIRMATIVE DEFENSES

73. Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted against this Defendant, thus Plaintiff's claims must be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Furthermore, Plaintiff has no civil action

against a private entity or individual under 42 U.S.C. § 1983, and her claims against this Defendant must be dismissed.

74. To the extent any of Plaintiff's Section 1983 claims survive against this Defendant, Defendant invokes any available claims of immunity or qualified immunity as a defense. At all times, Defendant acted in reliance upon existing law in good faith, without malice, reckless disregard, deliberate indifference, retaliatory or punitive motives, and thus is entitled to qualified immunity or a special good faith defense.

75. Defendant alleges Plaintiff failed to satisfy and complete all necessary conditions precedent to filing suit, including but not limited to Plaintiff's failure to timely serve pre-suit notice of her claims complying with all requirements of Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff's failure to exhaust her available remedies, and Plaintiff's failure to comply with the Prison Litigations Reform Act.

76. At all relevant times, there was a process in place for Plaintiff to request medical care and to provide notice of her complaints or grievances and/or to request a grievance process. This process requires detainees to report their complaints or grievances. Like all detainees, Plaintiff had access to and the means by which to report any perceived grievance. Despite her knowledge of the process and opportunities to report her grievances, Plaintiff never sufficiently completed the grievance process. Plaintiff's failure to exhaust her administrative remedies warrants dismissal of this action.

77. Defendant's conduct, which was in good faith, did not violate clearly established rights of which a reasonable person would have known so as to support an action under 42 U.S.C. § 1983. Defendant had probable cause and lawful justification for all its actions. Plaintiff's allegations do not support a constitutional tort.

78. Defendant further alleges Plaintiff's claims are limited by the damage caps and amounts set forth in:

    a. Chapter 74, Texas Civil Practice and Remedies Code;

    b. Chapter 304, Texas Finance Code;

    c. Sections 33.0012 and 33.015, Texas Civil Practice and Remedies Code; and/or

    d. Chapter 41, Texas Civil Practice and Remedies Code;

as applicable to this case.

79. The Plaintiff suffered no loss or deprivation of any rights, privileges or immunities available to her under the U.S. Constitution or any federal or state law by this Defendant. Alternatively, any such loss, damage, or deprivation was not the proximate result of the execution of any official governmental policy, regulation or practice attributable to this Defendant, and any such policies, regulations or practices were constitutional.

80. The injuries of which Plaintiff complains, if any exist, were wholly caused by a new and independent cause, or causes not reasonably foreseeable by this Defendant, or by intervening acts of others which were the sole proximate cause, or in the alternative, a proximate cause of any injuries or damages to Plaintiff, and therefore, such new and independent acts or causes became the immediate and efficient cause or causes of injury, such that any and all of the negligent acts or omissions of which Plaintiff complains as to this Defendant were not the causes of any damages or injuries suffered by Plaintiff.

81. Defendant would show that the injuries and/or damages asserted by the Plaintiff herein, if any, resulted from the acts, omissions, faults, and/or negligence of Plaintiff and/or third parties. The actions and/or inactions, on the part of Plaintiff and/or third parties were the sole

cause, or alternatively, a proximate, producing, intervening, contributing, or comparative cause of Plaintiff's injuries and/or damages, if any.

82.     Defendant invokes its legal rights to a reduction of any dollar verdict that may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which this Defendant would be entitled as a result of jury findings against other persons or entities. In this connection, this Defendant reserves the right to submit issues against parties who may be present in the case or absent from the case at the time the matter is submitted to the jury for fact determinations.

83.     Defendant denies Plaintiff was subjected to any deficient health care or deficient policies and practices but states that, if such is found, the care or policy or practice did not rise to the level of deliberate indifference to a serious medical need such as to constitute deprivation of a constitutional right. Furthermore, mere negligence, unsuccessful treatment, the exercise of medical judgment, and/or disagreement with a course of treatment are insufficient to support Plaintiff's cause of action.

84.     Defendant affirmatively pleads that the injuries of which Plaintiff complains are based on pre-existing or naturally developing conditions or injuries which were and are the proximate cause, or in the alternative, the sole cause of all of Plaintiff's damages claimed herein; or in the alternative, without waiving the foregoing, that the incident which is the basis of this suit merely aggravated such pre-existing conditions, and if so, this Defendant can only be liable for the extent of such aggravation, if any.

85.     Defendant affirmatively pleads that Plaintiff's medical expenses should be limited to those actually paid or incurred by or on behalf of the Plaintiff.

86. Plaintiff's claims are barred in whole or part by consent, waiver, estoppel, latches, statutory deadlines, the applicable statute of limitations, unclean hands and/or assumption of the risk. Plaintiff has failed to file this action within the applicable statute of limitations as to most or all of the alleged conduct at issue, therefore the untimely claims must be barred.

87. Defendant affirmatively pleads that the injuries complained of by Plaintiff were wholly and completely unavoidable without any negligence on the part of the Defendant. Defendant would allege that the injuries in question were the result of events and/or conditions wholly beyond the scope and control of Defendant.

88. Plaintiff has failed to set forth alleged injuries or damages and has failed to state how any such damages were caused by any act or omission of Defendants.

89. The sole proximate cause, or alternatively a contributing cause, of Plaintiff's injuries and damages, if any, are her own acts or omissions.

90. Defendant further invokes its rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and affirmatively pleads that Plaintiff's pleading for punitive and/or exemplary damages is violative of the Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

    a. in an amount left to the discretion of the jury and judge;
    b. in assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;
    c. in assessing such penalty or exemplary awards, Plaintiff need only prove the theory of gross negligence on a "preponderance of the evidence" standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;
    d. further, the defendant who is subject to the award does not have the right to refuse to testify against itself, but must, in fact, take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment;

    e. the assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and, in effect allows the assessment of such awards even though there are not specific standards, limits, or other statutory requirements set forth that define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

    f. in essence, this Defendant is subjected to all the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines; but this Defendant receives none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties; and

    g. the assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar defendants in dissimilar ways.

91. Defendant further affirmatively pleads that the assessment and award of punitive and/or exemplary damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process. Accordingly, this Defendant invokes its rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of the Defendant's United States Constitutional rights.

92. Defendant would further invoke its rights under the Fifth Amendment to the United States Constitution, wherein it reads in part, "No person shall be ... deprived of ... property, without due process of law," for the same reasons enumerated above.

93. Defendant would affirmatively plead that it has not ratified, consented to or participated in conduct for which punitive damages may be awarded.

94. Defendant denies Plaintiff is entitled to recovery of attorney's fees in this action, and denies any such claim for attorney's fees is reasonable or necessary.

95. If Defendant is liable to any extent due to a violation of statutory, constitutional or regulatory requirement, which is denied, such violation is excused and/or was justified and/or the requirements do not establish the duty owed, the standard of care, or a private right of action.

96. If Plaintiff is awarded damages, she must elect between remedies and if awarded enhanced damages and punitive damages, Plaintiff must elect between them.

97. Plaintiff's claims fail or must be reduced to the extent she failed to mitigate her damages.

98. Plaintiff's claims for punitive damages, if they are permitted to proceed, should be bifurcated or trifurcated from the liability and compensatory damages trial phases.

## II.
### DEMAND FOR JURY TRIAL

99. To the extent Plaintiff's claims or any portion of the claims survive, Southern Health Partners, Inc. demands a trial by jury.

## III.
### PRAYER

Wherefore, premises considered, Southern Health Partners, Inc. requests judgment of the Court as follows:

a. Plaintiff's claims be dismissed as a result of the defenses stated above;

b. Plaintiff take nothing by this suit;

c. Southern Health Partners, Inc. goes hence without delay and recover all costs, including reasonable and necessary attorneys' fees, and expenses expended on its behalf through trial and any appeal;

    d. Southern Health Partners, Inc. recovers prejudgment and post-judgment interest at the highest rate and to the maximum extent permitted by law; and

    e. Southern Health Partners, Inc. recovers such other and further relief, either at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Frank Alvarez*
**FRANK ALVAREZ**
State Bar No. 00796122
frank.alvarez@qpwblaw.com
**JO BETH DRAKE**
State Bar No. 24045942
jobeth.drake@qpwblaw.com

**QUINTAIROS, PRIETO, WOOD & BOYER, PA.**
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755
(214) 754-8744 (Fax)

**ATTORNEY FOR DEFENDANT**
**SOUTHERN HEALTH PARTNERS, INC.**

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on the 25th day of February, 2020, a true and correct copy of the foregoing document was forwarded via electronic filing to the following counsel of record:

Don Tittle
Roger Topham
Law Offices of Don Tittle
6301 Gaston Avenue, Suite 440
Dallas, Texas 75214
don@dontittlelaw.com
roger@dontittlelaw.com
*Counsel for Plaintiff*

Robert S. Davis
Flowers Davis, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas  75702
rsd@flowersdavis.com
*Counsel for Defendant Navarro County, Texas*

         */s/ Jo Beth Drake*
         **JO BETH DRAKE**